UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.G., individually, and on behalf of her minor children,
A.A.1. and A.A.2.,

                    Plaintiffs,                 Civ. No. 26-cv-6627

                                         COMPLAINT

                    - against -

New York City Department of Education; The Board of
Education of the City School District of The City of New
York; Chancellor Kamar H. Samuels, in His Official Capacity;
The City of New York,

                      Defendants.

---

**PRELIMINARY STATEMENT**

1. This is an action seeking attorney's fees and costs for two administrative decisions issued under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 in that claims are asserted under the laws of the United States, under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for the protection of civil rights, and under 20 U.S.C. § 1415, 42 U.S.C. § 12133, 42 U.S.C. § 1983, and 29 U.S.C. § 794, *et seq*.

3. This Court has jurisdiction over Plaintiff's pendent State law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which Defendants are situated and/or reside.

## PARTIES

5. Plaintiff S.G. is the parent of A.A.1, an eleven-year-old student with a disability and A.A.2, a ten-year-old with a disability.[1]

6. S.G. and A.A.1 and A.A.2 reside in Bronx County, New York, with A.A., S.G.'s husband, who is the father of A.A.1 and A.A.2.

7. At all times relevant, A.A.1 and A.A.2 were students, each with a disability, who were eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

8. At all times relevant, A.A.1 and A.A.2 were qualified individuals, each with a disability who were. eligible for a FAPE under Section 504 and were protected from discrimination based upon their respective disabilities.

9. Upon information and belief, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("Department" or "DOE" or "District") is a local educational agency ("LEA") as defined in the IDEA, and thus bears the responsibilities of an LEA under the IDEA and the New York State Education Law.

10. Upon information and belief, the DOE is charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law § 2590-g.

---

[1]Initials are used throughout this Complaint to preserve the confidentiality of sensitive medical, educational, and disability-related information under the IDEA and the Family Educational Rights and Privacy Act of 1974 (FERPA).

11. Upon information and belief, whether the Department is a legally formed independent entity is not entirely clear; nonetheless, it appears in lawsuits and holds itself out as, and is treated as, a municipal corporation or municipal agency.

12. The DOE is the creation of the Mayor of the City of New York and the Board of Education pursuant to its bylaws and is considered by Defendant City of New York to be a City agency.

13. Defendant THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK ("the Board of Education" or "the Board") was or continues to be the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York.

14. The Board is a school board organized under and existing pursuant to the New York Education Law. *See* N.Y. Educ. Law § 2590-b(1).

15. Upon information and belief, the Board serves as the public employer of persons appointed or assigned by it.

16. Upon information and belief, Defendant KAMAR H. SAMUELS ("the Chancellor") in his official capacity is the Chancellor of the New York City School District and, as such, is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h. He is the successor in interest to all of the prior Chancellors of the New York City School District during the relevant time periods.

17. Under the New York Education Law, the Chancellor functions as the chief executive officer for the Board. N.Y. Educ. Law § 2590-h.

18. Upon information and belief, many of the powers previously held by the Board devolved to the Chancellor, with the administrative operations assigned to the Panel on Education

Policy. Because the Chancellor operates through the DOE, the Chancellor and the DOE are referred to interchangeably.

19. The Chancellor is selected by, and serves at the pleasure of, the Mayor of the City of New York. N.Y. Educ. Law § 2590-h.

20. Defendant THE CITY OF NEW YORK ("the City") is a municipal corporation and a political subdivision of the State of New York. The City's address is c/o Office of the Corporation Counsel, 100 Church Street, New York, New York 10007. The City is a recipient of federal financial assistance.

21. Upon information and belief, the City exercises fiscal, administrative, and operational control over the other Defendants.

22. The City is responsible for funding special education services and for implementing the relief requested pursuant to this action and in IDEA due process proceedings generally.

23. All Defendants jointly and/or individually constitute the LEA under the IDEA and state law.

24. Under the IDEA, the Local Educational Agency is responsible for providing a FAPE to students with disabilities.

25. Defendants DOE, the Board, and the Chancellor are agents of Defendant City of New York, which is ultimately responsible for the management of the DOE, the Board, and the Chancellor, the funding of special education services, and the relief requested pursuant to this action.

26. All Defendants jointly and/or individually are recipients of federal financial assistance.

27. When the "DOE" is referenced throughout, the term DOE refers individually to Defendant DOE, as well as collectively to Defendants.

**LEGAL FRAMEWORK – THE IDEA**

28. The IDEA guarantees that all eligible children with disabilities, ages three through twenty-one, must be offered a free appropriate public education ("FAPE"). 20 U.S.C. § 1412(a)(1).

29. A FAPE must meet each student's "unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d) (1) (A)-(B).

30. A FAPE must "include an appropriate … elementary … school education in the State involved" and be provided in conformity with an IEP. See 20 U.S.C. §§ 1401(9), 1414(d)(2)(A); 8 N.Y.C.R.R. § 200.4(e)(1)(ii).

31. To be entitled to a FAPE, a child must have one or more of thirteen disabling conditions and, by reason of his disability, require "special education" and "related services." 34 C.F.R. § 300.8(a)(1).

32. Defendants are responsible for providing a FAPE to all eligible children in New York City and for promulgating policies and procedures in accordance with the IDEA.

33. Every child with the designated disability classifications is entitled to an Individualized Education Program, or "IEP" and the LEA (here, Defendants) must provide an IEP which must be individually tailored to each student and is meant to serve as a blueprint for each child's special education services. 20 U.S.C. § 1414(d).

34. By the beginning of each school year, City Defendants must have an IEP in place that offers a FAPE to each eligible child. 20 U.S.C. § 1414(d)(2).

35. Before an IEP can be developed, a child must be evaluated in accordance with detailed procedures outlined in federal and state law.

36. The IDEA prescribes, in detail, the process for developing IEPs and their contents. 20 U.S.C. §§ 1414(d)(1)(A), (d)(2); 34 C.F.R. §§ 300.320(a)(2)-(3); 300.324; N.Y. Educ. Law § 4401, et seq.; and 8 N.Y.C.R.R. § 200.4(d)(2)(iii).

37. The IDEA permits parents to seek independent educational evaluations ("IEEs") if they disagree with the school district's evaluation.

38. One of the IDEA's most well-known due process rights is the right to request an impartial hearing "with respect to any matter relating to the identification, evaluation, or educational placement of [a] child" or the provision of FAPE to a child. 20 U.S.C. § 1415(b)(6)(A).

39. Thereafter, a parent "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State Educational Agency ("SEA") or by the Local Education Agency ("LEA") as determined by State law or by the [SEA]." 20 U.S.C. § 1415(f)(1)(A).

40. The IDEA sets forth detailed requirements for hearing procedures. 20 U.S.C. §1415(f); 34 C.F.R. §§ 300.511-516.

41. A parent who prevails in a due process hearing is entitled to have the school district, here the Defendants, pay their reasonable attorney's fees. 20 U.S.C. § 1415(i)(3).

**FACTS**

Student A.A.1

42. A.A.1 is a student with a disability who was classified by the DOE as a student with Speech and Language Impairment, issued an IEP and who was mandated for a twelve-month school year.

43.  On July 1, 2022, Plaintiff S.G., through counsel, filed a due process complaint ("DPC") against the DOE on behalf of A.A.1 for, *inter alia*, the denial of a FAPE for the 2022-2023 school year, pursuant to the IDEA, see 20 U.S.C. § 1415(f) (the "2022 DPC"). The DOE designated this hearing Case No. 227676.

44.  The 2022 DPC, as amended, sought, *inter alia*, tuition reimbursement and/or direct funding for A.A.1's unilateral placement at a private school ("Private School II ") for the 2022-2023 school year, special education transportation to and from the Private School II, reimbursement for the cost of transportation, and compensatory education and services.

45.  Defendants served no written response to the 2022 DPC.

46.  An Impartial Hearing Officer ("IHO") was appointed to preside over Case No. 227676 by Notice of Hearing and Appointment dated July 8, 2022.

47.  On or about July 20, 2022, the parties entered into a pendency agreement pursuant to which A.A.1's placement at a different private school ("Private School I")_was funded.

48.  A.A.1's enrollment at Private School I was terminated on October 27, 2022, and the Parent immediately notified the District by email that A.A.1 had no placement. The District did not convene an IEP meeting until November 16, 2022, and thereafter never identified any school or placement for A.A.1.

49.  On December 9, 2022, the Parent provided the District with a ten-day notice of the intention to unilaterally place A.A.1 at Private School II  for the remainder of the 2022-2023 school year. The District never responded.

50.  A.A.1 attended Private School II  from December 8, 2022 through the end of the 2022-2023 school year.

51. Impartial hearings on the merits were held on May 3, 2023, June 6, 2023, and July 12, 2023.

52. At the hearings, Plaintiff was represented by Ayodele Rashid, Esq., of counsel to the Law Office of Elisa Hyman, P.C., and the District was represented by Andrew Bressner, Esq.

53. The District introduced twenty-nine (29) exhibits into evidence and presented no witnesses.

54. Plaintiffs introduced twenty-seven (27) exhibits into evidence and presented four witnesses: the Director of Private School II , an occupational therapist, a psychologist, and the Parent. Direct testimony was submitted by affidavit, and the District was afforded the opportunity to cross-examine each witness.

55. The record was closed on July 31, 2023.

56. The IHO ruled in favor of Plaintiffs and issued a Findings of Fact and Decision dated August 2, 2023 (the "2023 FOFD"), finding that the DOE denied A.A.1 a FAPE for the 2022-2023 school year.

57. The IHO found, *inter alia,* that the District conceded that it did not conduct an appropriate review, failed to conduct relevant evaluations, failed to develop an appropriate IEP, and failed to offer A.A.1 an appropriate placement for the balance of the 2022-2023 school year following October 27, 2022; that A.A.1 received no educational services of any kind between October 27, 2022 and December 8, 2022; that Private School II  was an appropriate unilateral placement; and that no equitable considerations weighed against full reimbursement.

58. The 2023 FOFD ordered the following relief:

a.  Direct funding and/or reimbursement of the cost of A.A.1's 2022-2023 placement at Private School II in the amount of $51,700.00;

b.  A finding that A.A.1 was entitled to special education transportation to and from Private School II during the 2022-2023 school year;

c.  Reimbursement to the Parent for the cost of transporting A.A.1 to and from Private School II in the amount of $3,118.40;

d.  Compensatory education and services consisting of banks of 156 hours of individual SETSS, 12 hours of individual speech and language therapy, 6 hours of 2:1 speech and language therapy, 12 hours of individual occupational therapy, and 6 hours of 2:1 occupational therapy, to be delivered by providers of the Parent's choosing at a reasonable market rate; and

e.  Ongoing home-based individual occupational therapy five times per week for sixty minutes per session, to be delivered by a provider of the Parent's choosing at a reasonable market rate.

59. Defendants failed to appeal the 2023 FOFD.

60. Plaintiff S.G. was the prevailing party in the underlying hearing in Case No. 227676 and is entitled to reasonable attorneys' fees for the work performed in connection with the 2023 FOFD as well as this action.

Student A.A.2

61. A.A.2 is a student with a disability who was classified by the DOE as a student with a Learning Disability and issued an IEP.

62. On July 5, 2023, Plaintiff S.G., through counsel, filed a DPC against the DOE on behalf of A.A.2 for, *inter alia*, the denial of a FAPE for the 2023-2024 school year, pursuant to the IDEA, 20 U.S.C. § 1415(f) (the "2023 DPC"). The DOE designated this hearing Case No. 251050.

63. The 2023 DPC alleged, *inter alia*, that for the 2023-2024 school year the DOE failed to timely, thoroughly, and appropriately evaluate A.A.2; failed to develop a substantively and procedurally valid IEP; failed to provide a timely and appropriate placement; violated the Parent's procedural rights under the IDEA; and denied A.A.2 a FAPE under the IDEA and Section 504.

64. Plaintiff S.G., through counsel, filed an amended due process complaint on October 4, 2023 and a second amended due process complaint on January 9, 2024 (together with the 2023 DPC, the "Amended DPC").

65. An IHO was appointed to preside over Case No. 251050 on July 12, 2023.

66. Prehearing conferences were held on August 14, 2023 and February 16, 2024, and prehearing conference orders setting forth the rules and procedures governing the case were issued following each conference.

67. The Amended DPC sought, *inter alia*, an order of pendency, reimbursement, and direct funding of the tuition and costs of A.A.2's unilateral private school placements for the 2023-2024 school year, reimbursement of out-of-pocket transportation costs, door-to-door special education transportation with limited travel time, and an independent neuropsychological evaluation.

68. An impartial hearing on the merits was held on March 14, 2024.

69. At the hearing, Plaintiff was represented by Ayodele Rashid, Esq., of counsel to the Law Office of Elisa Hyman, P.C., and the District was represented by Jennifer Kuhn.

70. The District did not introduce witness testimony or documentary evidence and presented no affirmative case.

71. Plaintiff introduced Exhibits "A" through "EE" into evidence, all of which were admitted without objection.

72. It was not until after Plaintiff's opening statement, the DOE conceded each of the three prongs of the *Burlington/Carter* framework, namely:

    a.    that the District denied A.A.2 a FAPE for the 2023-2024 school year by failing to convene the CSE, failing to create an IEP, and failing to offer A.A.2 a school placement;

    b.    that the unilateral private school placement was appropriate; and

    c.    that the equities favored S.G.

73. The District did not contest the additional relief requested by Plaintiff, other than to take the position that it should be afforded the first opportunity to evaluate A.A.2 before an independent educational evaluation was ordered.

74. The record was closed on April 9, 2024.

75. The IHO ruled in favor of Plaintiffs and issued a Findings of Fact and Decision dated April 9, 2024 (the "2024 FOFD"), finding that the DOE denied A.A.2 a FAPE for the 2023-2024 school year.

76. The 2024 FOFD ordered the following relief:

    a.    An order of pendency for A.A.2's first unilateral private school placement;

b.    Reimbursement to S.G., within thirty-five (35) days, of summer tuition at the first unilateral placement in the amount of $1,325.00, the deposit at that placement in the amount of $4,095.00, and out-of-pocket transportation costs in the amount of $2,859.50 incurred from January 4, 2024 to January 31, 2024;

c.    Direct payment to the first unilateral placement of the outstanding tuition balance of $71,765.00 for the period January 4, 2024 through June 30, 2024, within thirty-five (35) days of receipt of an affidavit attesting that no refund had been issued to the Parent, or of the pro-rated balance due if the tuition was pro-rated as a result of A.A.2's change in program;

d.    Direct funding of the outstanding tuition at the second unilateral placement in the amount of $60,690.00 for the period January 4, 2024 through June 13, 2024, within thirty-five (35) days;

e.    That the District conduct a neuropsychological independent educational evaluation and issue the report within forty-five (45) days of the order; and

f.    That upon the District's failure to conduct the evaluation within forty-five (45) days, the District fund the evaluation at the rate charged by a provider of the Parent's choosing, not to exceed $7,500.00.

77. Defendants failed to appeal the 2024 FOFD.

78. Plaintiff S.G. was the prevailing party in the underlying hearing in Case No. 251050 and is entitled to reasonable attorneys' fees for the work performed in connection with the 2024 FOFD as well as this action.

79.    The fees and costs charged by Plaintiff's counsel are consistent with and/or below market rates for the legal services performed, considering counsel's experience and expertise and the complexity of the issues.

80.    The claims for attorneys' fees for the 2023 FOFD and the 2024 FOFD are timely.

## CLAIMS FOR RELIEF

## CLAIM I: THE IDEA

## ATTORNEY'S FEES AND COSTS WITH PREJUDGMENT INTEREST

81.    Plaintiffs repeat and re-allege the allegations of all the above paragraphs as if fully set forth herein.

82.    Defendants, *inter alia,* denied A.A.1 and A.A.2 a FAPE for the school years at issue.

83.    As the prevailing party in the underlying administrative hearings that gave rise to the 2023 FOFD and the 2024 FOFD, Plaintiff is entitled to payment of reasonable legal fees for work performed in connection with DPC Case Nos. 227676 and 251050 and this action.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court:

    i.    Assume jurisdiction over this action;

    ii.    Award Plaintiff reasonable attorneys' fees and costs for the 2023 FOFD and the 2024 FOFD, with prejudgment interest thereupon;

    iii.    Award Plaintiff attorneys' fees and costs incurred with respect to this action; and

iv.    Award such other, and further, relief as to the Court may seem just and

proper.

Dated:  August 3, 2026
        New York, New York

Respectfully submitted,

THE LAW OFFICE OF ELISA HYMAN, P.C.

By: /s/ *Laura Dawn Barbieri*
Laura D. Barbieri (LB8374)
Elisa Hyman (EH4709)
1115 Broadway, 12th Floor
New York, NY 10010
Phone: (646) 572-9064; 914-819-3387
Fax: (646) 572-9055
LBarbieri@specialedlawyer.com
elisahyman@gmail.com